IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Mammoth Energy Services, Inc. Consolidated Stockholder Litigation | Civil Action No. 19-1682-RGA |

ORDER

Before the Court is Nominal Defendant's Motion to Stay This Derivative Action Pending

Resolution of Certain Related Actions. (D.I. 19). Defendants Arty Straehla, Mark Layton, Arthur

Amron, Paul V. Heerwagen IV, Marc McCarthy, Jim Palm, Matthew Ross, Arthur Smith, Gulfport

Energy Corporation, and Wexford Capital LP joined the motion. (D.I. 28, 29). I have considered

the parties' briefing (D.I. 20, 25, 26). For the following reasons, the motion (D.I. 19) is

**GRANTED**.

Defendants seek a stay pending resolution of four related actions: (i) *In re Mammoth*

*Energy Services, Inc. Securities Litigation*, No. 19-cv-522-SLP (W.D. Okla.); (ii) *United States of*

*America v. Tribble*, No. 19-cr-541-FAB (D.P.R.); (iii) *Mastec Renewables Puerto Rico, LLC v.*

*Mammoth Energy Services, Inc., et al.*, No. 20-cv-20263-RNS (S.D. Fla.); and (iv) *In re The*

*Financial Oversight and Management Board for Puerto Rico, as representative of Puerto Rico*

*Electric Power Authority*, No. 17-BK-4780-LTS, (Bankr. D.P.R.). (D.I. 19).

The instant action is a derivative lawsuit brought by certain Mammoth stockholders on

behalf of Mammoth against certain Mammoth officers, directors, and stockholders. (D.I. 17 at ¶ 1).

Defendants contend that the instant action arises out of the same factual allegations as the four

related actions. (D.I. 20 at 7-10). Therefore, Defendants argue that a stay will promote judicial

economy and consistency. (*Id.* at 11-15).

1

Plaintiffs do not argue that the instant action involves different factual allegations from the related civil cases, but instead argue that the difference in legal claims asserted and remedies sought means that a stay is not appropriate. (D.I. 25 at 5-6). Regarding the related criminal action, Plaintiffs argue that a stay is not warranted because, "While there is some factual overlap with [the instant action], none of the parties overlap between the actions and the legal theories are vastly different. Therefore, different facts are implicated." (D.I. 25 at 6).

Courts rely on three factors when determining whether a stay is appropriate: "(1) whether granting a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Huvepharma Food v. Associated British Foods, PLC*, 2019 WL 3802472, at \*1 (D. Del. Aug. 13, 2019).

First, it is apparent to me that the resolution of the related actions will clarify, and potentially resolve, some of the factual disputes at issue in the instant action, including those of Plaintiffs' *Brophy* claims. While a stay pending the resolution of the related actions may not resolve any of Plaintiffs' claims, a stay would certainly simplify the issues for trial. Thus, the first factor weighs in favor of a stay.

Second, the instant action is still at a very early stage. A scheduling order has not been entered and a trial date has not been set. The second factor therefore also weighs in favor of a stay.

Third, Plaintiffs have not shown that they would suffer from undue prejudice or a clear tactical disadvantage if I were to grant a stay. Plaintiffs argue that Mammoth will be harmed by a stay because a stay will delay any damages recoupment, increase the risk that relevant evidence may be lost, and allow Defendants to continue to breach their fiduciary duties in the meantime. (D.I. 25 at 7-8). These burdens, however, are not excessive enough to tip the balance against a stay.

2

Therefore, Defendants' motion (D.I. 19) is **GRANTED** and the instant action is **STAYED**

pending resolution of the four related actions.

Entered this 3rd day of August, 2020.

_/s/ Richard G. Andrews_____
United States District Judge