## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Mammoth Energy Services, Inc. Consolidated Stockholder Litigation | No. 19 Civ. 1682 (RGA) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated October 5, 2021 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Action; (ii) approving the manner and form of the notice of the Settlement to Current Mammoth Shareholders; and (iii) setting a date for the Settlement Hearing.

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Order Preliminarily Approving Derivative Settlement and Providing for Notice ("Preliminary Approval Order"),

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the

"Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2.     A hearing shall be held before this Court, the Honorable Richard G. Andrews, on January 7, 2022 at 11:00 a.m. ("Settlement Hearing"),[1] at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 6325, Wilmington, DE 19801-3555, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to Mammoth and Current Mammoth Shareholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Amount and Plaintiffs' Service Awards should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.     The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation and finds that issuing the Notice in a press release on *GlobeNewswire*, filing with the Securities and Exchange Commission ("SEC") the Notice and Stipulation and the exhibits thereto as exhibits to a Form 8-K, and posting the Notice together with the Stipulation and the exhibits thereto on the Investors page of Mammoth's corporate website substantially in the manner and form set forth in this Preliminary Approval Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Mammoth Shareholders and all other Persons entitled thereto.

---

[1] The Parties respectfully request that the Court schedule the Settlement Hearing about fifty-five days after the date that the Court enters the Preliminary Approval Order.

4.      Not later than five (5) business days following entry of this Preliminary Approval Order, Mammoth shall issue the Notice in a press release on *GlobeNewswire*, file with the SEC the Notice and Stipulation and exhibits thereto as exhibits to a Form 8-K, and post the Notice together with the Stipulation and the exhibits thereto on the Investors page of Mammoth's corporate website.  The Notice shall also refer to Mammoth's website for more information, and will contain a link to the Investors page of Mammoth's corporate website where the Notice and Stipulation and the exhibits thereto will be posted, which posting will be maintained through the date of the Settlement Hearing.

5.      All costs incurred in providing the notice of the Settlement pursuant to paragraph 4 hereof shall be paid by Mammoth, and Mammoth shall undertake the administrative responsibility for such publication, filing, and posting of the notice of the Settlement.

6.      All initial moving papers in support of the Settlement and the Fee and Expense Amount, including any Service Awards, shall be filed with the Court no later than thirty-five (35) calendar days after the Court's entry of this Preliminary Approval Order.

7.      Any Current Mammoth Shareholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, and/or why the Fee and Expense Amount and the Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Mammoth Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Amount and the Service Awards, unless that stockholder has, at least fourteen (14) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the

3

objection, (b) proof of ownership of Mammoth common stock as of the date of the Stipulation and

through the date of the objection, including the number of shares of Mammoth common stock held

and the date of purchase, and (c) any and all documentation or evidence in support of such

objection; and (2) if a Current Mammoth Shareholder intends to appear and requests to be heard

at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above,

filed with the Clerk of the Court (a) a written notice of such shareholder's intention to appear at

the Settlement Hearing; (b) the identities of any witnesses the stockholder intends to call at the

Settlement Hearing and a statement as to the subjects of their testimony; and (c) any and all

evidence that would be presented at the Settlement Hearing.  If a Current Mammoth Shareholder

files a written objection and/or written notice of intent to appear, such stockholder must also serve

copies of such notice, proof, statement, and documentation, together with copies of any other

papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail)

at least fourteen (14) calendar days prior to the Settlement Hearing upon each of the following:

### Counsel for Plaintiffs:

Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

Timothy Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, New York 10017

Gregory M. Nespole
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006

### Counsel for Defendants:

Michael B. Carlinsky
Jacob J. Waldman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(Counsel for the Company, Arty Straehla and Mark Layton)

James E. Brandt
Jason C. Hegt
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(Counsel for the other Defendants)

Any Current Mammoth Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8.      At least ten (10) calendar days after the Court's entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the publication, filing, and posting of the notice of the Settlement pursuant to the terms of this Preliminary Approval Order.

9.      All Current Mammoth Shareholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Mammoth Shareholders.

10.     All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.  This Court retains exclusive jurisdiction over this Derivative Action, the Parties, and Plaintiffs' Counsel and Defendants' Counsel to consider all further matters arising out of or connected with the Settlement.

11.     Pending final determination of whether the Settlement should be approved, Plaintiffs, Plaintiffs' Counsel, and any Current Mammoth Shareholders and/or other Persons,

purporting to act on behalf of or derivatively for any of the foregoing or Mammoth, are barred and enjoined from filing, commencing, prosecuting, instigating, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction, forum, court, or tribunal as to the Released Persons based on or relating in any way to the Released Claims.

12.     In accordance with Mammoth and Defendants' express denial of all allegations of wrongdoing or liability against himself or herself arising out of any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Derivative Action, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission

6

of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on his claims at trial.

13.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.     If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of May 14, 2021.

15.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Mammoth Shareholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.   The Court may decide to hold the Settlement Hearing telephonically or via videoconference without further notice to Current Mammoth Shareholders.   Any Current Mammoth Shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors page of the Company's website, ir.mammothenergy.com, for any change in date, time or format of the Settlement Hearing.   The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Mammoth Shareholders.

IT IS SO ORDERED.

DATED: October 28, 2021

HONORABLE RICHARD G. ANDREWS
U.S. DISTRICT COURT JUDGE